UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA                :
                                        :    Criminal No. 78-236 (BAH)
        v.                              :
                                        :
ELDRIDGE DAYNE                          :

## CONSENT ORDER

This matter came before the Court upon the Department of Behavioral Health's (DBH) November 14, 2018, recommendation pursuant to D.C. Code § 24-501(e) for modifications to defendant's conditional release privileges to reside in the community.

On August 28, 1978, defendant was found not guilty by reason of insanity of Armed Bank Robbery, Entry with Intent to Commit Bank Robbery, Carrying a Firearm during a Commission of a Felony, Armed Robbery, and Carrying a Pistol without a License. He was committed to Saint Elizabeths Hospital (Hospital) for an indeterminate period of time following a *Bolton* hearing.[1] His diagnosed mental illness is Bipolar I Disorder, Most Recent Episode Manic without Psychotic Features and Cannabis Abuse, Uncomplicated. He is currently prescribed Risperdal Consta by injection, and Wellbutrin SR to control the symptoms of his mental illness.

Since his commitment to the Hospital defendant has resided on all levels of security, exercised various levels of Hospital grounds and community privileges, and been granted several conditional releases, including convalescent leave. His most recent convalescent leave order was issued on July 27, 2017. He resumed convalescent leave status on September 21, 2017.[2] On

---

[1] *Bolton v. Harris*, 395 F.2d 642 (D.C. Cir. 1968).

[2] Previously, he resided in the community from July 12, 2012 to May 19, 2016. He returned to inpatient status due to multiple violations of the conditions of release and deterioration in his mental stability.

February 12, 2018, he returned to inpatient status after testing positive for opiates and failing to comply with the conditions of release.

On November 14, 2018, DBH submitted a letter to the Court and counsel requesting that defendant's July 27, 2017 Order of conditional release be modified such that DBH may identify and approve defendant's residence rather than being restricted to placing him in a Community Residential Facility as specified in the current Order. DBH requests that all other conditions of the July 2017 Order remain intact. They indicated that defendant is currently mentally stable and utilizing Hospital grounds and staff accompanied community privileges appropriately. He is actively engaged in preparing a plan for outplacement and given the rigid structure of a Community Residential Facility and defendant's past difficulties adhering to the conditions imposed by such a facility, DBH would like to consider a plan that would include less structured housing options such as a Single Room Occupancy or Supportive Independent Living facility. They opine that defendant will not pose a danger to himself or others due to mental illness if released under the conditions proposed.

Upon consideration of the representations made by both counsel on this matter, and by representatives of the Department of Behavioral Health in their letter to the Court, the Court finds that Eldridge Dayne will not, in the reasonably foreseeable future, present a danger to himself or others because of mental illness if conditionally released as described below.

Accordingly, it is by the Court this 20th day of November, 2018,

**ORDERED** that defendant, Eldridge Dayne, shall be conditionally released from the Department of Behavioral Health (Saint Elizabeths Hospital) under the following conditions:

1. Defendant may be placed on convalescent leave at the Hospital, DBH, or Forensic

Outpatient Department's (FOPD) discretion to reside in a Hospital, DBH, and/or FOPD approved supportive residence, which will provide appropriate supervision. The Hospital, DBH, and/or FOPD shall notify the Court and counsel of defendant's address upon his placement in the community as well as the name and telephone number of the residential provider.

2. Defendant shall receive case management, psychiatric, medical, employment, and substance abuse services from a Mental Health Core Service Agency. The Core Service Agency case manager shall maintain regular in-person contact with defendant at least twice per week for the first three months of his outplacement. Thereafter, at the discretion of FOPD, the frequency of the case manager contacts may be reduced as clinically indicated but not less than once per week.

3. The FOPD shall obtain monthly reports from the Core Service Agency regarding defendant's treatment and medication compliance as well as his compliance with the conditions of release. The FOPD shall conduct a progress review and treatment plan meeting at least once every three months with defendant and his case manager in attendance. FOPD shall notify the Court and counsel if they are unable to effectively communicate with defendant's Core Service Agency treatment providers.

4. If necessary, the case manager shall be responsible for assisting defendant with transportation to all of his appointments and activities. The case manager shall also assist defendant with community living related issues including medication compliance.

5. Defendant shall participate in all therapeutic activities as recommended by the Hospital, DBH, FOPD, and/or the Core Service Agency, including a structured daily activity such as employment or a day treatment program, substance abuse treatment, and individual therapy.

6. Defendant shall comply with all requests by the Hospital, DBH and/or FOPD staff for information relating to any medical and/or psychiatric treatment he may receive by parties in the community. Upon request, any health care provider shall provide all treatment information

regarding defendant's care to Saint Elizabeths Hospital or the FOPD.

7. During the first six months of his outplacement, defendant shall receive psychiatric treatment (medication, treatment planning, and mental health care coordination) from the FOPD located at 35 K Street, N.E., Washington, D.C., as often as clinically indicated but not less than once per week for treatment and monitoring of his psychiatric condition and compliance with the conditions of release. Thereafter, he shall report to the FOPD as often as required by the FOPD but not less than once per month. At the FOPD's discretion, he may receive psychiatric treatment and medication from a Mental Health Core Service Agency. However, it shall remain DBH's responsibility to ensure that defendant receives psychiatric services and medication as clinically indicated.

8. Defendant shall abide by all laws, not consume alcohol, marijuana, synthetic cannabinoids (e.g., K2), or illegal drugs, not be arrested for cause, and take all medications prescribed to him.

9. Defendant shall comply with all requests for drug and alcohol urine drug testing.

10. The FOPD shall provide prior written notification to the Court and counsel of defendant's intention to travel fifty miles outside the Washington, D.C., metropolitan area. Said notification shall be provided at least seven business days prior to the date of intended travel.

11. The Core Service Agency shall immediately notify the FOPD if defendant fails to comply with any conditions of release and, if possible, shall escort him to the FOPD for an evaluation.

12. The FOPD shall provide written notification to the Court and counsel if defendant fails to comply with the above specified conditions of his release.

13. If defendant fails to comply with any conditions of release such that the FOPD determines that he is in need of inpatient treatment, defendant shall cooperate with transport to

Saint Elizabeths Hospital. If defendant fails to cooperate with transport to Saint Elizabeths Hospital, the FOPD shall notify the District of Columbia's Metropolitan Police Department, who shall be provided with a copy of this Court's Order and shall assist in returning defendant to Saint Elizabeths Hospital at 1100 Alabama Avenue, S.E., Washington, D.C. 20032.

14. If defendant's mental condition deteriorates, or if he violates the conditions of this release such that he is returned to inpatient care at the Hospital, he may not resume convalescent leave without prior notice to the Court and counsel. Upon receipt of such notice, a prompt status hearing shall be set and defendant shall remain an inpatient until further Order of the Court.

CHIEF JUDGE HOWELL
United States District Court

**Copies to:**

J. Patrick Anthony, Esq.
P.O. Box 11255
Takoma Park, MD 20913

Kacie Weston, Assistant U.S. Attorney
U.S. Attorney's Office
555 4th Street N.W.
Washington, D.C. 20001
(202) 252-7509

Dr. Marc Dalton
Acting Director of Forensic Services
Saint Elizabeths Hospital
1100 Alabama Avenue S.E.
Washington, D.C. 20032